IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAVID MEYERS, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22-cv-00298 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| B. DYE, *et al.,* | ) | United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

By order entered June 22, 2022, the court directed plaintiff David Meyers, who is an inmate proceeding *pro se*, to file an amended complaint within twenty-one days. (Dkt. No. 45.) Meyers instead filed an interlocutory appeal (Dkt. No. 46), which neither this court nor the Fourth Circuit has authorized.[1]

In his notice of appeal, Meyers states he is appealing from the court's order directing him to file an amended complaint. He then sets forth a number of allegations that appear unrelated to the order itself.[2] He also accuses the undersigned and the assigned U.S. Magistrate Judge in this case of being "white supremacist racists" and "compulsive liars," saying that the undersigned "will not tell the truth about anything." (Notice of Appeal 5, Dkt. No. 46.) Presumably as a result of these unfounded and untrue accusations, he also specifically requests that the Chief Judge of the United States Court of Appeals for the Fourth Circuit designate another U.S.

---

[1] Because Meyers's appeal is an unauthorized appeal from an unappealable order, it does not deprive this court of jurisdiction over his case. *See United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010) ("[T]he district court does not lose jurisdiction when the litigant takes an appeal from an unappealable order."); *Automobili Lamborghini S.p.A. v. Garcia*, 467 F. Supp. 3d 385, 394 & n.31 (E.D. Va. 2020) (collecting authority holding same).

[2] For example, Meyers sets forth allegations about being "illegally kidnap[ped]," and taken from a VDOC facility to a North Carolina facility. (*Id.* at 2.) He claims that in June 2021 through the date of his appeal, he has not been allowed to possess his legal files, which includes 18 boxes of documents. (*Id.* at 2–3.) He alleges that North Carolina Corrections officials are trying to have inmates murder him, including forcing him to use excessive amounts of various drugs to try to get him to overdose. (*Id.* at 3, 4.) He claims that certain of these actions violate court orders entered in different state and federal cases. He also reiterates some of the allegations underlying his claims in this or other cases he has filed.

District Judge and U.S. Magistrate Judge from another court to preside over this case. (*Id.* at 1–2.)

Meyers's notice of appeal also indicates that the court's June 22, 2022 order and the blank complaint form sent with it were "torn up" by prison officials (*id.* at 5), and so the Clerk sent him new copies of that order and complaint form. (*See* docket entry dated July 8, 2022 (stating that the Clerk sent a copies of those documents to Meyers).) He further argues that this case is not subject to the prefiling injunction entered by this court in another case because it was filed before that order was entered. (*See* Order at 1 n.1., Dkt. No. 45 (describing injunction order).)[3]

It is now well beyond the deadline set by the June 22, 2022 order (and also more than twenty-one days since July 8, 2022, the date that the order and blank complaint form were sent to him a second time). To date, however, the Clerk has not received an amended complaint from Meyers. The court's order warned Meyers that a failure to file an amended complaint by the stated deadline could result in the dismissal of this lawsuit. Accordingly, the court will dismiss this action without prejudice. An appropriate order will be entered.

Entered: August 1, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[3] To clarify, the court expressly stated that it was *not* applying the 2019 prefiling injunction order to Meyers's original complaint in this case, which was filed in November 2018 in the Eastern District of Virginia and then transferred to this court in June 2022. (Dkt. No. 45 at 1 n.1.) As the court explained, though, the injunction order will apply to all of Meyers's *future* submissions in this court. To the extent that Meyers is arguing that the court cannot apply the prefiling injunction to future submissions by him in this case, he presents no authority for that proposition. By its terms, the injunction order applies to all submissions by Meyers after its entry. *See Meyers v. Roanoke U.S. Att'y*, No. 7:19-cv-00573, Dkt. No. 10 (Sept. 6, 2019 Order and Injunction).